IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN THE MATTER OF: : | |
| KRISTIN M. PRICE : | Civil Action No. 17-3064 |
| : | Bankruptcy No. 15-17645 |
| : | |
| : | |

**APPELLANT UNITED STATES OF AMERICA'S REPLY BRIEF IN
SUPPORT OF REVERSING THE BANKRUPTCY COURT'S DECISION TO
DISCHARGE KRISTIN M. PRICE'S FEDERAL STUDENT LOANS**

The United States of America, on behalf of its agency, the United States Department of Education ("USDOE"), submits the following reply brief in support of its appeal. USDOE relies upon its principle brief without restating the arguments made therein and replies only to appellant's new assertions.

  A. <u>The Bankruptcy Court's Reasoning Reverses the *Faish* Standard</u>

The debtor, following the lead of the bankruptcy court, argues that reducing the *Brunner/Faish* standard to require only "thin" testimony from a debtor is the correct current standard. That argument is belied by the court's memorandum and its "coda" to the memorandum opinion that seek to further explain the apparent contradiction in forgiving this student loan debt on "thin" evidence while claiming to preserve the strict test evincing Congressional intent that student loans are nondischargeable with exceptions. (Memorandum Opinion, p. 55). Debtor does not and cannot argue that the bankruptcy court followed Third Circuit precedent in *In re Brightful* by finding "additional circumstances" that support discharge, so she instead argues that the record nevertheless supports a finding of "additional

1

instead argues that the record nevertheless supports a finding of "additional circumstances." (Appellee Brief at p. 26). USDOE reasserts that merely being responsible for your children does not constitute an "additional circumstance" under Third Circuit precedent, nor does debtor's desire to remain in a field that provides adequate income while working part-time to meet most of her bills but not repay her student loans.

>B. Consideration of Extended and Income-Based Repayment Options Available To A Debtor Is Consistent with The *Faish* Test

Debtor carries both FFELP (Federal Family Education Loan Program) and Direct Loans. Both federal loan programs provide both an initial repayment term and for extended and income-based repayment options. Debtor cites to her FFELP Promissory note but failed to note that income-based and extended repayment are expressly listed in the Borrower's Rights and Responsibilities Statement attached to the promissory note. (Designation of Record Tab 7, J7, USA00061).

The Direct Loan regulations do not contain a definition of the term "repayment period," but instead have an entire section, 34 C.F.R. § 685.208, titled "Repayment Plans." Section 685.208 provides that a Direct Loan may be repaid under any of the standard, extended, graduated, income-contingent, or income-based plans based upon the debtor's circumstances. It does not identify any one "repayment period" or repayment term for a Direct Loan, but rather identifies the variety of options that borrowers have. In this case, the debtor incorrectly believed that the extended and income-based repayment options would not lower her payments because of her decision to continue to file joint income tax returns and to

remain married to her estranged husband. She made those decisions based on economic benefits she believed she derived from that arrangement. It is, therefore, unreasonable for the debtor to argue that, based upon those decisions and her misunderstanding of the benefits available to her, her repayment period under *Faish/Brunner* should be limited to the 10- year term of the standard repayment plan while her ability to repay over a longer term under other repayment plans has no impact on whether any hardship she experiences qualifies as "undue" for discharge purposes. See *In re Frushour*, 433 F.3d 393, 404 (4th Cir. 2005)("Frushour failed to show that she has exceptional circumstances, and she refused to consider loan consolidation programs that would have required from her a monthly payment of near zero based on her current income. She has thus failed to prove that she is in the limited class of debtors for which § 523(a)(8) meant to allow discharge.") *But see In re: Coco*, 335 Fed. Appx. 224 (3d Cir. 2009)(in reversing grant of summary judgement to the creditor, court found that explanation for debtor's decision to not enter extended repayment was sufficient to survive summary judgment).

Debtor also misstates the definition of the term "repayment period" in 34 C.F.R. § 682.200(1) and (2), governing Stafford loans made under the Federal Family Education Loan Program (FFELP). Appellee's brief at p. 15. While 34 C.F.R. § 682.200 provides that the standard repayment period ends no later than 10 years, it also establishes extended repayment periods up to 25 years. The use of the term "standard" with respect to repayment plans in the FFELP and Direct Loan programs means only that that is the initial 10 year repayment term upon which

repayment of federal student loans begins. It does not mean that the other plans ("graduated," "extended," and "income-based") are not available to all borrowers as part of their contractual agreement upon accepting taxpayer backed student loans. *See, e.g.,* 34 C.F.R. § 682.209(a)(6). *See also* 34 C.F.R. § 682.209(a)(6)(iii), providing that the lender must, not more than six months prior to the date the borrower's first payment is due, offer the borrower the choice of a standard, income-sensitive, income-based, graduated, or, if applicable, extended repayment schedule. All of the debtor's repayment options, not just the initial term, should be considered by the court when it examines a debtor's hardship claim.

In this case, debtor has repayment options that were not explored and could not be fully described by USDOE's witness because debtor did not pursue what her repayment options would be under her current single-income financial situation. Under *Faish,* the debtor bears the burden of proof, yet under the bankruptcy court's interpretation of relevant precedent, a debtor may use an artificially high income (that includes her estranged husband's income) to determine her repayment burden, while simultaneously using a current dramatically reduced income to show inability to repay. Had USDOE even taken the initiative to determine debtor's potential repayments based upon an estimate of the debtor's revised lower income, under the bankruptcy court's reasoning, such information has no impact on its undue hardship determination unless the debtor agrees that she is willing to accept the extended repayment option.

4

The bankruptcy court's revision of the *Faish* test eliminates extended repayment options from consideration based on a misreading of the promissory notes but ignoring the options for repayment available as part of the federal student loan agreement. Consequently, by limiting the repayment period to only the first designated period, the bankruptcy court lowers a debtor's burden to show undue hardship for a significant portion of the repayment term.

The bankruptcy court and appellee's logic that limiting consideration to initial term only is flawed. Requiring USDOE to work up potential repayment plans for a debtor and offer those plans to the debtor to decide if she wishes to participate in an extended repayment plan before the availability of such a plan becomes relevant to a discharge determination provides incentive to ignore repayment options and to first ask the court for discharge under a shorter time frame. Should the debtor fail to obtain discharge, the debtor can then explore extended and income-based repayment options as a last resort. Such a framework for considering discharge in bankruptcy court under Section 538(a)(8) undermines *Faish* by dramatically easing the debtor's burden to meet the temporal requirement for an undue hardship discharge.

    C. <u>Courts Have Considered Income-Based And Extended Repayment Plans When Considering the *Brunner* Test</u>

The debtor incorrectly asserts that the extended and income-based repayment plans have been widely rejected by courts examining undue hardship for a potential discharge in bankruptcy under 11 U.S.C. § 528(a)(8). Debtor cites several cases examining the first prong of the *Faish/Brunner* test for the

5

proposition that a debtor is precluded from showing a present undue hardship based upon extended repayment. *See* Appellee's Brief, p. 21-22. While a number of courts have held that the availability of income-based repayment is not determinative or not applicable to prong one of the *Faish/Brunner* test, there are also a number of courts that have found that extended or income-based repayment is an appropriate factor to consider among all of the factors when applying the *Faish/Brunner* test. *See Guilfoyle v. Educ. Credit Mgmt. Corp.*, 2015 WL 1442689, at *7 (E.D. Cal. Mar. 27, 2015)(The bankruptcy court's use of the ICRP amount as part of the analysis of the Brunner test was not legal error.); *In re Greene*, 484 B.R. 98, 115–18 (Bankr. E.D.Va.2012)(the existence of and opportunity to participate in the Income Contingent Plan is properly considered as a factual circumstance in the application of the *Brunner* test to a given debtor's case). *See also, In re Murphy*, 535 B.R. 97, 106 (Bankr. W.D. Pa. 2015), appeal dismissed *sub nom. Murphy v. U.S. Department of Educ.*, 2016 WL 6124496 (W.D. Pa. Oct. 20, 2016), *aff'd sub nom. In re Murphy*, 679 Fed. Appx. 107 (3d Cir. 2017), *cert. denied sub nom. Murphy v. Department of Educ.*, 2017 WL 3008862 (U.S. Oct. 2, 2017) (In addition, courts have considered the failure to enroll in IBR or ICR as significant when such administrative programs would substantially reduce the debtor's monthly payment.).

The bankruptcy court committed legal error when it excluded extended and income-based repayment plans from consideration under the second prong of the *Faish/Brunner* test. USDOE does not under the facts of this case contend that

part of the *Faish* test. Rather, USDOE asserts that the availability of income-based contingent repayment plans for this debtor, considered in light of the facts developed at trial that there are no additional circumstances limiting her future income potential, indicate that the debtor cannot meet her burden of showing "undue hardship" for a significant portion of the repayment period.

For all of the reasons set forth in USDOE's primary brief and in this Reply, the bankruptcy court decision should be reversed and the debtor's federally insured loans should be found non-dischargeable.

Respectfully submitted,

LOUIS D. LAPPEN
United States Attorney

/s/ Charlene K. Fullmer [for]
MARGARET L. HUTCHINSON
Assistant United States Attorney
Chief, Civil Division

/s/ Anthony St. Joseph
ANTHONY ST. JOSEPH
Assistant United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA  19106
Tel:  215-861-8267
Fax:  215-861-8618
Anthony.StJoseph@usdoj.gov

Dated: November 27, 2017

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of Defendant United States Department of Education's Appellate Brief was electronically filed and served on November 27, 2017, upon:

>Scott F. Waterman, Esquire
>110 W. Front Street
>Media, PA 19063
>
>Matthew A. Hammermesh
>Hangley Aronchick Segal Pudlin & Schiller
>One Logan Square, 27th Floor
>Philadelphia PA 19103

/s/ Anthony St. Joseph
ANTHONY ST. JOSEPH
Assistant United States Attorney